IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ARMSTRONG, ET AL. | § | |
| #426223, | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-155-K-BK |
| | § | |
| SHERIFF OF ELLIS COUNTY, ET AL., | § | |
| DEFENDANTS. | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this jointly filed *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, this action should be **DISMISSED** in part.

## I. BACKGROUND

Pro se Plaintiffs Christopher Armstrong, Richard Johnson, Lazaro Contreras, Christopher Coler, and Wilver Rodriguez are pretrial detainees at the Ellis County Jail (Wayne McCollum Detention Center). They are each represented by appointed counsel John M. Perkins in their respective pending criminal cases. On January 17, 2024, Plaintiffs jointly filed a civil rights complaint naming the Sheriff of Ellis County, the Ellis County Sheriff's Office, the Ellis County District Court, and John M. Perkins as Defendants. Doc. 3 at 3, 6.

As best the Court can glean from their complaint, Plaintiffs assert Defendants (1) ignore their requests for a speedy trial, (2) tamper with their legal mail by copying it and destroying it, and (3) refuse to grant them "any access" to the law library since they are represented by

counsel.  Doc. 3 at 3-4.  Plaintiffs also allege that apart from requesting 90-day set offs, in anticipation that Plaintiffs will eventually agree to a plea bargain, "bond out," or are eligible for a "time served" sentence, Perkins does nothing in their cases.  Doc. 3 at 4.  Plaintiffs seek injunctive relief in the form of a court order (1) requiring compliance with speedy trial procedures, (2) ceasing the destruction of their legal mail, and (3) permitting law library access for all inmates, regardless of whether they are *pro se* or represented by counsel.  Doc. 3 at 4.

After review of the pleadings and the applicable law, the Court concludes that Plaintiffs' request for speedy-trial protections in their pending criminal cases are barred by the *Younger* abstention doctrine and that it lacks jurisdiction over their claims against Perkins and the Ellis County Sheriff's Office.  Therefore, those claims should be dismissed without prejudice.

## II. ANALYSIS

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *The Lamar Co., L.L.C. v. Mississippi Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").   The plaintiff, as the party asserting subject-matter jurisdiction, bears the burden of establishing that subject matter jurisdiction exists.  *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Likewise, the Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice.").  Even under the most liberal construction, however, the Court lacks jurisdiction over several of Plaintiffs' claims.

**A.  *Younger* proscribes federal intervention in pending state criminal proceedings.**

As is relevant here, the *Younger* abstention doctrine precludes federal courts from granting injunctive relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted.  *Younger v. Harris,* 401 U.S. 37, 41 (1971).  For *Younger* to apply, three criteria must be satisfied:  (1) the dispute must involve an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.  *Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189 (5th Cir. 1996) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)).

The *Younger* abstention requisites are met here, as Plaintiffs seeks federal intervention to resolve purported speedy trial issues related to their pending state criminal proceedings.  What Plaintiffs ask of this Court is "precisely the crux of what *Younger* forbids a federal court to do." *Boyd v. Farrin,* 575 F. App'x 517, 519 (5th Cir. 2014); *see also Nobby Lobby, Inc. v. City of Dallas,* 970 F.2d 82, 86 (5th Cir. 1992) ("Under *Younger* and its companion cases, a federal district court must abstain from exercising jurisdiction over a suit when state criminal proceedings are currently pending against the federal plaintiff.").  It is apropos that the state has a vital interest in prosecuting violations of its criminal laws.  *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws.").  Also, Plaintiffs can raise their speedy trial claims in the state trial court.  Finally, this case falls outside the very narrow category of "extraordinary" cases in which federal injunctive relief against a pending state prosecution would be warranted.  *See Kugler v. Helfant,* 421 U.S. 117, 124-25 (1975).

3

In sum, because Plaintiffs cannot show that any exception to the *Younger* abstention

doctrine applies, the Court should abstain from exercising jurisdiction over their claims for

federal intervention in their Ellis County prosecutions.  *See Boyd*, 575 F. App'x at 519

(dismissing under the *Younger* abstention doctrine injunctive relief claims by pretrial detainee

relating to his pending criminal prosecution).

**B.  Defense Counsel John Perkins is not a state actor.**

While the allegations against Perkins are made on the form provided for filing prisoner

civil rights actions, Plaintiffs cannot satisfy the requirement of 42 U.S.C. § 1983 that the alleged

acts and omissions of defense counsel occurred under color of state law.[1]  *See Polk County v.*

*Dodson*, 454 U.S. 312, 324-325 (1981) (public defender does not act under color of state law in

representing a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677,

679 (5th Cir. 1988) (same as to court appointed attorney).  Consequently, Plaintiffs cannot assert

a legally viable federal civil rights claim against their counsel, and their claim should be

dismissed for lack of subject matter jurisdiction.

**C.  The Ellis County Sheriff's Office is not an entity subject to suit.**

Likewise, Plaintiffs cannot sue a servient political agency or department, such as the Ellis

County Sheriff Office, unless such agency or department enjoys a separate legal existence.  *See*

*Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991) ("[U]nless the true

political entity has taken explicit steps to grant the servient agency with jural authority, the

agency cannot engage in any litigation except in concert with the government itself.").  Because

---

[1] To pursue a claim under section 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by one acting under color of state or federal law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiffs seek relief from an entity that is not subject to suit under § 1983, they cannot state a federal civil rights claim against the Ellis County Sheriff's Office and their claim should be dismissed for lack of subject matter jurisdiction.[2]

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke, 587 F.3d 764, 767-68 (5th Cir. 2009)*. As demonstrated above, the facts as alleged in Plaintiffs' complaint demonstrate a lack of subject matter jurisdiction in this Court over some of their claims that is not curable by amendment. Thus, granting leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

For all these reasons, Plaintiffs' claims for federal intervention in their pending state criminal case—relating to speedy trial violations by the Ellis County District Court—should be **DISMISSED WITHOUT PREJUDICE** as barred by the *Younger* abstention doctrine.

Further, Plaintiffs' claims against the Ellis County Sheriff's Office and Defense Counsel John Perkins should be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter

---

[2] Ordinarily a *pro se* plaintiff who names a non jural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action. *See Parker v. Fort Worth Police Dep't, 980 F.2d 1023, 1026 (5th Cir. 1993)*. Here, Plaintiffs will be able to respond and name any other defendant during the 14-day period for filing objections to the findings, conclusions, and recommendation, as set out below. *See Id.* (noting that magistrate judge's report and recommendation is sufficient to notify the *pro se* plaintiff of the deficiency).

jurisdiction.

       **SO RECOMMENDED** on February 1, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and indicate where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).